1
2
3
4
5

Seyfarth Shaw LLP
Jonathan L. Brophy (SBN 245223)
jbrophy@seyfarth.com
Sumithra R. Roberts (SBN 256078)
sroberts@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

6
7

Attorneys for Defendant
LOWE'S HOME CENTERS, LLC

8

9

UNITED STATES DISTRICT COURT

10

CENTRAL DISTRICT OF CALIFORNIA

11

12

MARCUS COLWIN, an individual,

13

Plaintiff,

14

v.

15
16

LOWE'S HOME CENTERS, LLC, A
North Carolina Limited Liability Company;
and DOES 1 through 100, inclusive,

17

Defendant.

18

Case No. _5:21-cv-1928_____

(Los Angeles Superior Court Case No
CVRI2104639)

**DECLARATION OF SUMITHRA
ROBERTS IN SUPPORT OF
DEFENDANT'S NOTICE OF
REMOVAL**

Complaint Filed: October 12, 2021
Trial Date: None Set

19
20
21
22
23
24
25
26
27
28

ROBERTS DECLARATION ISO DEFENDANT'S NOTICE OF REMOVAL

76733867v.1

1

## DECLARATION OF SUMITHRA ROBERTS

2        I, Sumithra R. Roberts, declare and state as follows:

3        1.       I am an attorney at Seyfarth Shaw LLP, attorneys of record for Defendant

4    LOWE'S HOME CENTERS, LLC ("Defendant"). I make this Declaration in support of

5    Defendant's Notice of Removal.  I have personal knowledge of the facts contained in this

6    Declaration, and if called as a witness, I could and would testify competently as to their

7    accuracy.

8        2.       I am an attorney licensed to practice law in the State of California and before

9    this Court.  All of the pleadings, correspondences, and other records in this matter are

10   maintained in my office, in the ordinary course of business, under my direction and

11   control.  I have reviewed the pleadings and correspondences in preparing this

12   Declaration.

13       3.       Exhibits 1 and 2 constitute all of the pleadings served on Defendant and/or

14   filed by Defendant in the state court action prior to filing this Notice of Removal. Other

15   than a case management conference set for April 11, 2022, there are no pending hearings

16   currently scheduled in the Riverside County Superior Court in the state court action.

17       4.       Defendants anticipate that the parties will propound written discovery, that

18   depositions will be taken in this case, and that ultimately, Defendant will file a Motion

19   for Summary Judgment.

20

21       I declare under penalty of perjury under the laws of the State of California and the

22   United States of America that the foregoing is true and correct.

23       Executed on November 12, 2021, at Los Angeles, California.

24

25

26                                                   SUMITHRA ROBERTS

27

28

1

ROBERTS DECLARATION ISO DEFENDANT'S NOTICE OF REMOVAL

76733867v.1

# EXHIBIT 1



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 23924359**
**Date Processed: 10/15/2021**

| | |
|---|---|
| **Primary Contact:** | Heather McClow<br>Lowe's Companies, Inc.<br>1000 Lowes Blvd<br>Mooresville, NC 28117-8520 |

| | |
|---|---|
| **Entity:** | Lowe's Home Centers, LLC<br>Entity ID Number  2515365 |
| **Entity Served:** | Lowe's Home Centers, LLC |
| **Title of Action:** | Marcus Colwin vs. Lowe's Home Centers, LLC |
| **Matter Name/ID:** | Marcus Colwin vs. Lowe's Home Centers, LLC (11241359) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Wrongful Termination |
| **Court/Agency:** | Riverside County Superior Court, CA |
| **Case/Reference No:** | CVR12104639 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 10/14/2021 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | John F. Litwin<br>323-450-2777 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

EXHIBIT 1

Electronically FILED by Superior Court of California, County of Riverside on 10/12/2021 12:00 AM
Case Number CVRI2104639 0000003449715 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Ilze Siracusa, Clerk

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:** <br> *(AVISO AL DEMANDADO):* <br> LOWE'S HOME CENTERS, LLC, A North Carolina Limited Liability Company; and DOES 1 <br> through 100, inclusive, <br><br> **YOU ARE BEING SUED BY PLAINTIFF:** <br> *(LO ESTÁ DEMANDANDO EL DEMANDANTE):* <br> MARCUS COLWIN, an Individual, | **FOR COURT USE ONLY** <br> *(SOLO PARA USO DE LA CORTE)* |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: <br> *(El nombre y dirección de la corte es):*  Riverside <br> 4050 Main Street <br> Riverside, CA 92501 | CASE NUMBER: *(Número del Caso):* <br> **CVRI 21 04639** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
John F. Litwin SBN: 301611 Barkhordarian Law Firm PLC 6047 Bristol Pkwy 2nd Floor Culver City CA 90230 323-450-2777

| DATE: <br> *(Fecha)* | 10/12/2021 | Clerk, by <br> *(Secretario)* | I.Siracusa | , Deputy <br> *(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* LOWE'S HOME CENTERS, LLC, A North Carolina Limited Liability Company

under: ☐ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☒ other *(specify):* LLC

4. ☐ by personal delivery on *(date):*

GC68150(g)

Page 1 of 1

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 <br> *www.courts.ca.gov* |
|---|---|---|

# EXHIBIT 1



Electronically FILED by Superior Court of California, County of Riverside on 10/12/2021 12:00 AM
Case Number CVRI2104639 0000003449714 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Ilze Siracusa, Clerk

1  **GREGORY P. WONG (SBN: 204502)**
   **JOHN F. LITWIN (SBN: 301611)**
2  **BARKHORDARIAN LAW FIRM, PLC**
   6047 Bristol Parkway, Second Floor
3  Culver City, CA 90230
   Telephone: (323) 450-2777
4  Facsimile: (310) 215-3416
   Email: John@barklawfirm.com
5
   **Attorneys for Plaintiff**
6  **MARCUS COLWIN**
7
8            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
9                        **COUNTY OF RIVERSIDE**
10
11 MARCUS COLWIN, an Individual,         CASE NO.: CVRI 2104639
12              Plaintiff.               **COMPLAINT FOR DAMAGES FOR:**
13       vs.                            1. **Retaliation in Violation of Public**
14 LOWE'S HOME CENTERS, LLC, A North       **Policy (Lab. Code §§ 232.5, 98.6, and**
   Carolina Limited Liability Company; and  **1102.5); and**
15 DOES 1 through 100, inclusive,
                                        2. **Wrongful Termination in Violation of**
16              Defendants.                **Public Policy**
17
18
19
20
21
22
23
24
25
26
27
28
                                -1-

                    COMPLAINT FOR DAMAGES

                       **EXHIBIT 1**

Plaintiff MARCUS COLWIN by and through his counsel, and alleges against Defendant LOWE'S HOME CENTERS, LLC, as follows:

## PARTIES

1. Plaintiff MARCUS COLWIN, at all times relevant herein, was, and is, an individual residing in the County of Los Angeles, State of California.

2. Defendant LOWE'S HOME CENTERS, LLC. (hereinafter "LOWE'S") is a North Carolina Limited Liability Company doing business throughout the State of California. Plaintiff is informed and believes, and thereon alleges, that LOWE'S regularly employed five or more persons at all relevant times to this action.

3. Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate or otherwise, of the Defendants sued herein under fictitious names DOES 1 through 100, inclusive, and for that reason sues said Defendants, and each of them, by such fictitious names. Plaintiff is informed, believes, and thereupon alleges that each of the Defendants DOES 1 through 100, inclusive, is and was in some manner responsible for, participated in, or contributed to the matters and things of which Plaintiff complains herein, and in some fashion, has legal responsibility, therefore. When Plaintiff ascertains the names and capacities of the fictitiously named Defendants DOES 1 through 100, inclusive, Plaintiff will seek leave to amend this Complaint to set forth such facts.

4. Plaintiff is informed, believes, and there upon alleges that each Defendant is, and at all times relevant herein was, the agent of his, her, or its co-Defendants, and in committing the acts alleged herein, was acting within the scope of his, her, or its authority as such agent, and with the knowledge, permission, and consent of his, her, or its co-Defendants.

5. Hereinafter LOWE'S and DOES 1 through 100, collectively, will be known as "Defendants."

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action and the matters alleged herein pursuant to the grant of original jurisdiction set forth in Article VI, Section 10 of the California Constitution. The statutes under which this action is brought do not specify any other basis for

-2-

## EXHIBIT 1

1    jurisdiction.

2        7.    This Court has jurisdiction over Defendants because, upon information and belief,

3    each Defendant is either a citizen of California, has sufficient minimum contracts in California, or

4    otherwise intentionally avails itself of the California market so as to render the exercise of

5    jurisdiction over it by this Court consistent with traditional notions of fair play and substantial

6    justice.

7        8.    Venue is proper in this Court, because, upon information and belief, one or more

8    of the named Defendants resides, transacts business or has offices in this county and the acts or

9    omissions alleged herein took place in this county.

10       9.    Plaintiff hereby demands a trial by jury.

11       **FACTS COMMON TO ALL CAUSES OF ACTION**

12       10.   Defendant is a nationwide home improvement retailer. On or around March 2020,

13   Plaintiff was hired as an overnight operations supervisor.

14       11.   During his employment, Plaintiff was directed to lock all points of egress to his

15   store location during overnight shifts in order to prevent product losses.  As a result, Plaintiff and

16   Defendant's other employees were unable to leave the premises during their shifts, and were thus

17   unable to be fully relieved from the control of Defendants, and therefore unable to take legally-

18   compliant meal and rest periods. This policy was instituted by Defendant's employee and

19   Plaintiff's supervisor Briana Lemos.  Plaintiff complained about these issues to Lemos and his

20   other superiors on multiple occasions, but those complaints were never addressed. Left with no

21   other choice, on or about February 28, 2021, Plaintiff filed a claim with the Labor

22   Commissioner's Office.

23       12.   As a result of filing this claim with the Labor Commissioner, Lemos began to

24   subject Plaintiff to a campaign of retaliation.  On multiple occasions Lemos changed Defendant's

25   policies and procedures pertaining to Plaintiff's store in order to target him.  For example,  in or

26   around June 2021, Plaintiff was barred from bringing food and drinks to the premises because it

27   allegedly violated the company's policy, despite the fact that other employees and managers were

28

COMPLAINT FOR DAMAGES

**EXHIBIT 1**

1  routinely permitted to do so. On another occasion Plaintiff was disciplined when another

2  employee not under Plaintiff's control neglected to use proper safety equipment.

3       13.    Finally, in or about September of 2021, another employee was stranded on a lift in

4  a dangerous position.  With the employee's consent, Plaintiff gently lifted her off the lift,

5  determining that to be the safest and most expeditious means of ending the dangerous situation.

6  Defendant promptly used this event as a pretext to terminate Plaintiff's employment, alleging that

7  there were theoretically other means of rescuing the employee, neglecting the fact that any other

8  course of action would have left the employee stranded for longer.

9  <center>**FIRST CAUSE OF ACTION**</center>

10  <center>**Retaliation**</center>

11  <center>**(Plaintiff against all Defendants)**</center>

12       14.    Plaintiff alleges and incorporates herein by this reference each and every allegation

13  set forth in all previous paragraphs of the Complaint.

14       15.    California Labor Code section 98.6 states that an employer shall not terminate any

15  employee or discriminate, retaliate, or take any adverse any adverse action against an employee

16  because he or she engaged in a protected activity.

17       16.    California Labor Code section 1102.5 prohibits retaliation against an employee for

18  disclosing information to a government or law enforcement agency, where the employee has

19  reasonable cause to believe that the information discloses a violation of state or federal statute or

20  a violation or noncompliance with a state or federal rule or regulation. Labor Code section1102.5

21  further prohibits retaliation against an employee for refusing to participate in an activity that

22  would result in a violation of state or federal statute or a violation or noncompliance with a state

23  or federal rule or regulation.

24       17.    Here, Plaintiff made a complaint with the Labor Commissioner's Office because

25  of a series of violation of his rest and meal breaks. Right thereafter, Plaintiff suffered a series of

26  retaliation that led to his wrongful termination.

27       18.    As a result of the above conduct, Plaintiff suffered the harm, including but not

28  limited to economic loss and emotional distress as a result of the unwelcome touching.

<center>-4-</center>

<center>**EXHIBIT 1**</center>

27.    Defendant committed the acts herein maliciously, fraudulently, oppressively, and despicably, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights, Plaintiff is thus entitled to recover punitive damages from Defendants, in an amount according to proof.

### SECOND CAUSE OF ACTION

**Wrongful Termination in Violation of Public Policy**

**(Plaintiff Against all Defendants)**

19.    Plaintiff refers to and incorporates herein by reference all of the above paragraphs as though fully set forth herein.

20.    At all times mentioned herein, California Labor Code §§ 98.6 and 1102.5 et seq. were in full force and effect, and delineated fundamental, substantial, and well-established policies that benefit the public at large rather than private interests and were binding upon Defendant at the time of Plaintiff's termination.

21.    The acts and/or omissions of Defendant taken as a whole, materially and adversely affected the terms and conditions of Plaintiff's employment.

22.    On or around September 6, 2021, Plaintiff's employment with Defendant was terminated after Plaintiff's requests for accommodation.

23.    Plaintiff suffered an injury due to his unsafe work environment. As a result, Plaintiff was wrongfully terminated on the basis of his disability and his requests for accommodation for his disability.

24.    Plaintiff is informed and believes, and based thereon alleges, that as a direct and proximate result of the acts alleged herein, Plaintiff has suffered and continues to suffer economic detriment and monetary damages, including, but not limited to, loss of wages, salary, bonuses, and benefits, including, but not limited to, retirement savings, life, and medical/health insurance, and prejudgment interest in an amount to be determined at trial.

25.    Plaintiff is informed and believe, and based thereon alleges, that as a further direct and proximate result of the acts alleged herein, Plaintiff has suffered and continue to suffer substantial embarrassment, extreme and severe humiliation, mental anguish, emotional and

**EXHIBIT 1**

1   physical distress, pain and suffering, and has been generally damaged in an amount to be

2   determined at trial.

3       26.   Plaintiff is informed and believe, and based thereon alleges, that the Defendants

4   willfully engaged in the conduct alleged herein with malice, fraud, and oppression, without

5   excuse or justification, and with the specific intent to injure Plaintiff for an improper and evil

6   motive which constitutes a malicious and conscious disregard of Plaintiff's rights. By reason

7   thereof, Plaintiff is entitled to an award of exemplary and punitive damages against the

8   Defendants sufficient to punish and deter them from engaging in such conduct in the future in an

9   amount to be determined at trial.

10                              **PRAYER FOR RELIEF**

11      WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

12      1.   For compensatory damages, including, but not limited to, lost back pay, plus

13           interest, lost fringe benefits and future lost earnings and fringe benefits, damages

14           for emotional distress and pain and suffering, according to proof allowed by law;

15      2.   For general and special damages in an amount to be determined at trial;

16      3.   For punitive damages allowed by law of no less than $550,000.00.

17      4.   For an award to Plaintiff of costs of suit incurred herein and reasonable attorneys'

18           fees;

19      5.   For an award of prejudgment and post-judgment interest; and

20      6.   For an award to Plaintiff of such other and further relief as the Court deems just

21           and proper.

DATED: October 11, 2021                    **BARKHORDARIAN LAW FIRM**

                                           */s/ John F. Litwin*

                                  By:      _____
                                           Gregory P. Wong, Esq.
                                           John F. Litwin, Esq.
                                           Attorney for Plaintiff
                                           MARCUS COLWIN

-6-

COMPLAINT FOR DAMAGES

**EXHIBIT 1**

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| John F. Litwin (SBN: 301611)<br>Barkhordarian Law Firm, PLC: 6047 Bristol Parkway, 2nd Floor, Culver City, CA 90230<br><br>TELEPHONE NO.: 323-450-2777   FAX NO. *(Optional)*: 310-215-3416<br>E-MAIL ADDRESS: John@barklawfirm.com<br>ATTORNEY FOR *(Name)*: Plaintiff, Marcus Colwin | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  RIVERSIDE
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS:
CITY AND ZIP CODE: Riverside, California 92501
BRANCH NAME: Riverside Historic Courthouse

Electronically FILED by Superior Court of California, County of Riverside on 10/12/2021 12:00 AM
Case Number CVRI2104639 0000003449716 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Ilze Siracusa, Clerk

CASE NAME:
Marcus Colwin v. Lowe's Home Centers, LLC, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | CVRI2104639 |
| | | | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [x] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify)*: Two (2)
5. This case [ ] is  [x] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: October 11, 2021

John F. Litwin, Esq.
_____
(TYPE OR PRINT NAME)

▶  /s/ John F. Litwin
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

**CIVIL CASE COVER SHEET**
**EXHIBIT 1**

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                                    **CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

---

**EXHIBIT 1**

Electronically FILED by Superior Court of California, County of Riverside on 10/12/2021 12:00 AM
Case Number CVRI2104639 0000003449717 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Ilze Siracusa, Clerk

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

- ☐ **BANNING** 311 E. Ramsey St., Banning, CA 92220
- ☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225
- ☐ **CORONA** 505 S. Buena Vista, Rm. 201, Corona, CA 92882
- ☐ **MORENO VALLEY** 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553
- ☐ **MURRIETA** 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563
- ☐ **PALM SPRINGS** 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
- ☒ **RIVERSIDE** 4050 Main St., Riverside, CA 92501

**RI-CI032**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar Number and Address)* | FOR COURT USE ONLY |
|---|---|
| John F. Litwin (SBN: 301611)<br>Barkhordarian Law Firm, PLC<br>6047 Bristol Parkway, Second Floor<br>Culver City, CA 90230<br><br>TELEPHONE NO: 323-450-2777     FAX NO. *(Optional)*: 310-215-3416<br>E-MAIL ADDRESS *(Optional)*: John@barklawfirm.com<br>ATTORNEY FOR *(Name)*: Plaintiff, Marcus Colwin | |

| PLAINTIFF/PETITIONER: Marcus Colwin | |
|---|---|
| DEFENDANT/RESPONDENT: Lowe's Home Centers, LLC | |
| | CASE NUMBER:<br>CVRI2104639 |

### CERTIFICATE OF COUNSEL

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒  The action arose in the zip code of:  92553 _____

☐  The action concerns real property located in the zip code of:  _____

☐  The Defendant resides in the zip code of:  _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 3115 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date  October 11, 2021 _____

John F. Litwin _____
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY MAKING DECLARATION)

►  _____ /s/ John F. Litwin _____
(SIGNATURE)

Page 1 of 1

Approved for Mandatory Use
Riverside Superior Court
RI-CI032 [Rev. 07/15/21]

**CERTIFICATE OF COUNSEL**

Local Rule 3117
riverside.courts.ca.gov/localcalfrms/localfrms.shtml

## EXHIBIT 1

RI-ADR001-INFO



SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
www.riverside.courts.ca.gov
**Self-represented parties:** https://www.riverside.courts.ca.gov/SelfHelp/self-help.php

---

### ALTERNATIVE DISPUTE RESOLUTION (ADR) – *INFORMATION PACKAGE*

### *** THE PLAINTIFF MUST SERVE THIS INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT. ***

---

## What is ADR?
Alternative Dispute Resolution (ADR) is a way of solving legal disputes without going to trial. The main types are mediation, arbitration, and settlement conferences.

## Advantages of ADR:
- Faster:  ADR can be done in a 1-day session within months after filing the complaint.
- Less expensive:  Parties can save court costs and attorneys' and witness fees.
- More control:  Parties choose their ADR process and provider.
- Less stressful:  ADR is done informally in private offices, not public courtrooms.

## Disadvantages of ADR:
- No public trial:  Parties do not get a decision by a judge or jury.
- Costs:  Parties may have to pay for both ADR and litigation.

## Main Types of ADR:

**Mediation:**   In mediation, the mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to create a settlement agreement that is acceptable to everyone.  If the parties do not wish to settle the case, they go to trial.

Mediation may be appropriate when the parties:
- want to work out a solution but need help from a neutral person; or
- have communication problems or strong emotions that interfere with resolution; or
- have a continuing business or personal relationship.

Mediation is not appropriate when the parties:
- want their public "day in court" or a judicial determination on points of law or fact;
- lack equal bargaining power or have a history of physical/emotional abuse.

**Arbitration:**   Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration the arbitrator's decision is final; there is no right to trial.  In "non-binding" arbitration, any party can request a trial after the arbitrator's decision.  The court's mandatory Judicial Arbitration program is non-binding.

---

**Page 1 of 2**

## EXHIBIT 1

Arbitration may be appropriate when the parties:
- ✍ want to avoid trial, but still want a neutral person to decide the outcome of the case.

Arbitration is not appropriate when the parties:
- ✍ do not want to risk going through both arbitration and trial (Judicial Arbitration)
- ✍ do not want to give up their right to trial (binding arbitration)

**Settlement Conferences:** Settlement conferences are similar to mediation, but the settlement officer usually tries to negotiate an agreement by giving strong opinions about the strengths and weaknesses of the case, its monetary value, and the probable outcome at trial. Settlement conferences often involve attorneys more than the parties and often take place close to the trial date.

### RIVERSIDE COUNTY SUPERIOR COURT ADR REQUIREMENTS

ADR Information and forms are posted on the ADR website:
https://www.riverside.courts.ca.gov/Divisions/ADR/ADR.php

**General Policy:**
Parties in most general civil cases are expected to participate in an ADR process before requesting a trial date and to participate in a settlement conference before trial. (Local Rule 3200)

**Court-Ordered ADR:**
Certain cases valued at under $50,000 may be ordered to judicial arbitration or mediation. This order is usually made at the Case Management Conference. See the "Court-Ordered Mediation Information Sheet" on the ADR website for more information.

**Private ADR (for cases not ordered to arbitration or mediation):**
Parties schedule and pay for their ADR process without Court involvement. Parties may schedule private ADR at any time; there is no need to wait until the Case Management Conference. See the "Private Mediation Information Sheet" on the ADR website for more information.

**BEFORE THE CASE MANAGEMENT CONFERENCE (CMC), ALL PARTIES MUST:**
1. Discuss ADR with all parties at least 30 days before the CMC. Discuss:
   - ✍ Your preferences for mediation or arbitration.
   - ✍ Your schedule for discovery (getting the information you need) to make good decisions about settling the case at mediation or presenting your case at an arbitration.
2. File the attached "Stipulation for ADR" along with the Case Management Statement, if all parties can agree.
3. Be prepared to tell the judge your preference for mediation or arbitration and the date when you could complete it.

(Local Rule 3218)

**RIVERSIDE COUNTY ADR PROVIDERS INCLUDE:**
- ✍ The Court's Civil Mediation Panel (available for both Court-Ordered Mediation and Private Mediation). See https://adr.riverside.courts.ca.gov/Home/CivilMedPanel or ask for the list in the civil clerk's office, attorney window.
- ✍ Riverside County ADR providers funded by DRPA (Dispute Resolution Program Act):
  Dispute Resolution Service (DRS) Riverside County Bar Association: (951) 682-1015
  Dispute Resolution Center, Community Action Partnership (CAP): (951) 955-4900
  Chapman University School of Law Mediation Clinic (services only available at the court)

**Page 2 of 2**

Adopted for Mandatory Use
Riverside Superior Court
RI-ADR001-INFO [Rev. 06/10/21]

## EXHIBIT 1

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**

☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225
☐ **CORONA** 505 S. Buena Vista, Rm. 201, Corona, CA 92882
☐ **MORENO VALLEY** 13800 Heacock St. #D201, Moreno Valley, CA 92553

☐ **MURRIETA** 30755-D Auld Rd., Murrieta, CA 92563
☐ **PALM SPRINGS** 3255 Tahquitz Canyon Way, Palm Springs, CA 92262
☐ **RIVERSIDE** 4050 Main St., Riverside, CA 92501

**RI-ADR001**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar Number and Address) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO:            FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | |
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | CASE NUMBER:<br><br>CASE MANAGEMENT CONFERENCE DATE(S): |

## STIPULATION FOR ALTERNATIVE DISPUTE RESOLUTION (ADR)
### (CRC 3.2221; Local Rule, Title 3, Division 2)

**Court-Ordered ADR:**

Eligibility for Court-Ordered Mediation or Judicial Arbitration will be determined at the Case Management Conference.  If eligible, the parties agree to participate in:

☐ Mediation          ☐ Judicial Arbitration (non-binding)

**Private ADR:**

If the case is not eligible for Court-Ordered Mediation or Judicial Arbitration, the parties agree to participate in the following ADR process, which they will arrange and pay for without court involvement:

☐ Mediation          ☐ Judicial Arbitration (non-binding)
☐ Binding Arbitration   ☐ Other (describe): _____

Proposed date to complete ADR: _____

## SUBMIT THIS FORM ALONG WITH THE CASE MANAGEMENT STATEMENT.

_____
(PRINT NAME OF PARTY OR ATTORNEY)
☐ Plaintiff   ☐ Defendant

_____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(DATE)

_____
(PRINT NAME OF PARTY OR ATTORNEY)
☐ Plaintiff   ☐ Defendant

_____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(DATE)

_____
(PRINT NAME OF PARTY OR ATTORNEY)
☐ Plaintiff   ☐ Defendant

_____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(DATE)

_____
(PRINT NAME OF PARTY OR ATTORNEY)
☐ Plaintiff   ☐ Defendant

_____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(DATE)

Adopted for Mandatory Use
Riverside Superior Court
Form RI-ADR001 [Rev. 01/01/12]
[Reformatted 06/01/16]

Statutory Authority
riverside.courts.ca.gov/localfrms/localfrms.shtml

**ALTERNATIVE DISPUTE RESOLUTION
(ADR) STIPULATION**

## EXHIBIT 1

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501

**Case Number:**  CVRI2104639

**Case Name:**  COLWIN, AN INDIVIDUAL vs LOWES HOME CENTERS, LLC, A NORTH CAROLINA LIMITED LIABILITY COMPANY

## NOTICE OF DEPARTMENT ASSIGNMENT

The above entitled case is assigned to the Honorable Craig Riemer in Department 1 for All Purposes.

Any disqualification pursuant to CCP section 170.6 shall be filed in accordance with that section.

The court follows California Rules of Court, Rule 3.1308(a)(1) for tentative rulings (see Riverside Superior Court Local Rule 3316). Tentative Rulings for each law and motion matter are posted on the internet by 3:00 p.m. on the court day immediately before the hearing at http://riverside.courts.ca.gov/tentativerulings.shtml. If you do not have internet access, you may obtain the tentative ruling by telephone at (760) 904-5722.

To request oral argument, you must (1) notify the judicial secretary at (760) 904-5722 and (2) inform all other parties, no later than 4:30 p.m. the court day before the hearing. If no request for oral argument is made by 4:30 p.m., the tentative ruling will become the final ruling on the matter effective the date of the hearing.

The filing party shall serve a copy of this notice on all parties.

| | |
|---|---|
|  | Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.) |

Dated: 10/13/2021

W. SAMUEL HAMRICK JR.,
Court Executive Officer/Clerk of Court

by: _____

I. Siracusa, Deputy Clerk

CI-NODACV
(Rev. 02/16/21)

# EXHIBIT 1

# EXHIBIT 2

**FILED**
Superior Court of California
County of Riverside

**11/9/2021**
**A. Fluker**

Electronically Filed

1   SEYFARTH SHAW LLP
Jonathan L. Brophy (SBN 245223)
2   jbrophy@seyfarth.com
Sumithra R. Roberts (SBN 256078)
3   sroberts@seyfarth.com
2029 Century Park East, Suite 3500
4   Los Angeles, California 90067-3021
Telephone:   (310) 277-7200
5   Facsimile:   (310) 201-5219

6   Attorneys for Defendant
LOWE'S HOME CENTERS, LLC

7

8

9                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                                   COUNTY OF RIVERSIDE

11

12   MARCUS COLWIN, an individual,              Case No. CVRI2104639

13                 Plaintiff,                    JUDGE CRAIG REIMER

14          v.                                   **DEFENDANT LOWE'S HOME CENTERS,**
                                                 **LLC'S ANSWER TO PLAINTIFF'S**
15   LOWE'S HOME CENTERS, LLC, A North           **UNVERIFIED COMPLAINT**
     Carolina Limited Liability Company; and DOES 1
16   through 100, inclusive,                     Complaint filed:  October 12, 2021
                                                 Trial Date:  Not set
17                 Defendants.

18

19

20

21

22

23

24

25

26

27

28

LOWE'S HOME CENTERS, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

76733435v.1

**EXHIBIT 2**

Defendant LOWE'S HOME CENTERS, LLC  ("Defendant") hereby answers the unverified Complaint of Plaintiff MARCUS COLWIN ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to Section 431.30(d) of the California Code of Civil Procedure, Defendant denies, generally and specifically, each and every allegation, statement, matter and each purported cause of action contained in the Complaint, and without limiting the generality of the foregoing, denies, generally and specifically, that Plaintiff has been damaged in the manner or sums alleged, or in any way at all, by reason of any acts or omissions of Defendant.

## SEPARATE AND ADDITIONAL DEFENSES

In further answer to the Complaint, and as separate and distinct additional defenses, Defendant alleges as follows, without thereby assuming the burden of proof on any defense on which it would not otherwise have the burden of proof by operation of law.

## FIRST DEFENSE

### (Failure to State a Cause of Action)

1.      Plaintiff's Complaint, and each purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action against Defendant.

## SECOND DEFENSE

### (Statute of Limitations)

2.      The Complaint, and each purported cause of action alleged therein, is barred in whole or in part by all applicable statutes of limitation including but not limited to California Code of Civil Procedure sections 335.1, 338(a), and 340.

## THIRD DEFENSE

### (Estoppel)

3.      Any recovery on Plaintiff's Complaint and each cause of action alleged therein is barred because Plaintiff is estopped by his conduct and actions to claim any right to damages or any relief against Defendant.

2

### FOURTH DEFENSE

### (Unclean Hands)

4.     Any recovery on Plaintiff's Complaint and each cause of action alleged therein is barred by the equitable doctrine of unclean hands because of Plaintiff's conduct and actions.

### FIFTH DEFENSE

### (After-Acquired Evidence)

5.     To the extent discovery may disclose information which could serve as a basis for the termination of Plaintiff's employment, Plaintiff is barred from recovery by the after-acquired evidence doctrine.

### SIXTH DEFENSE

### (Failure to Mitigate Damages)

6.     Plaintiff's Complaint and each cause of action alleged therein is barred, or should be reduced, to the extent Plaintiff failed to mitigate his alleged damages as required by law.

### SEVENTH DEFENSE

### (Workers' Compensation Act Preemption)

7.     To the extent Plaintiff's Complaint, or any purported cause of action alleged therein, alleges emotional or physical injury, the Court lacks jurisdiction, and any recovery is barred by the exclusivity of remedy under the California Workers' Compensation Act, California Labor Code Sections 3200, *et seq.*

### EIGHTH DEFENSE

### (Failure to Take Advantage of Preventive/Corrective Opportunities)

8.     Reasonable care was exercised to prevent and/or correct any discriminatory or retaliatory workplace conduct allegedly experienced by Plaintiff. Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by his employer or to avoid harm otherwise, and thus Plaintiff's Complaint and each cause of action alleged therein is barred or, alternatively, his relief is limited.

**EXHIBIT 2**

76733435v.1

## NINTH DEFENSE

### (Legitimate Business Justification/Mixed Motive)

9.     Any recovery on Plaintiff's Complaint and each cause of action alleged therein are barred because assuming arguendo that retaliatory reasons had been a motivating factor in any decisions toward Plaintiff, which Defendant expressly denies, the same decisions toward Plaintiff would have been made in any case for legitimate, non-retaliatory business reasons. *See Harris v. City of Santa Monica*, 56 Cal. App. 4th 203 (2013).

## TENTH DEFENSE

### (Independent Reasons)

10.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because assuming *arguendo* that retaliatory reasons had been a contributing factor in any decisions toward Plaintiff, which Defendant expressly denies, the same decisions toward Plaintiff would have been made in any case for legitimate, independent reasons. *See* Lab. Code § 1102.6.

## ELEVENTH DEFENSE

### (At-Will Employment)

11.     Plaintiff's employment with Lowe's Home Centers, LLC was not for a specified term, and thus, under California Labor Code section 2922, his employment was terminable at the will of Plaintiff or defendant Lowe's Home Centers, LLC, such that the exercise of that right cannot give rise to the claims asserted regarding Plaintiff's termination.

## TWELFTH DEFENSE

### (Offset)

12.     Any recovery on Plaintiff's Complaint and each cause of action alleged therein is barred in whole or in part because Defendant is entitled to an offset for any monies Plaintiff received from any source after Plaintiff ceased to be employed under the doctrine prohibiting double recovery set forth by *Witt v. Jackson*, 57 Cal. 2d 57 (1961) and its progeny.

### THIRTEENTH DEFENSE

### (Punitive Damages Unconstitutional)

13.     Although Defendant denies it has committed or has responsibility for any act that could support the recovery of punitive damages in this lawsuit, if any, to the extent any such act is found, recovery of punitive damages against Defendant is unconstitutional under numerous provisions of the United States Constitution and the California Constitution.

### FOURTEENTH DEFENSE

### (Failure to State a Claim for Relief for Punitive Damages)

14.     Plaintiff is not entitled to recover any punitive, double or exemplary damages against Defendant and any allegations with respect thereto should be stricken because Plaintiff has failed to plead and cannot prove facts sufficient to support allegations of oppression, fraud and/or malice pursuant to California Civil Code § 3294(a).

### FIFTEENTH DEFENSE

### (Good Faith)

15.     The actions alleged in the Complaint, to the extent they occurred, were taken in good faith and were a lawful exercise of sound discretion and legal rights, and were based on a rational, reasonable consideration of the facts.

### SIXTEENTH DEFENSE

### (Lack of Jurisdiction -Arbitration Agreement)

16.     This Court lacks jurisdiction over the Complaint, and all causes of action alleged therein, due to the existence of a mandatory and binding Arbitration Agreement executed by Plaintiff.

### SEVENTEENTH DEFENSE

### (Laches)

17.     Plaintiff's claims are barred, in whole or in part, by the doctrine of laches because Plaintiff delayed unreasonably in bringing his claims.

76733435v.1

**EXHIBIT 2**

## EIGHTEENTH DEFENSE

### (Prompt Remedial Action)

18.      Prompt and appropriate corrective action was taken in response to Plaintiff's complaints or stated concerns regarding the workplace, if any, thereby satisfying all legal duties and obligations owed to Plaintiff, if any at all.

## NINETEENTH DEFENSE

### (Setoff and Recoupment)

19.      To the extent a court holds that Plaintiff is entitled to damages or penalties, which is specifically denied, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all overpayments made to Plaintiff and/or all obligations that Plaintiff owed to Defendant against any judgment that may be entered against Defendant.

## TWENTIETH DEFENSE

### (Failure to Exhaust Administrative Remedies)

20.      Plaintiff's claims, in whole or in part, are barred because Plaintiff failed to exhaust his administrative remedies or to comply with the statutory prerequisites for bringing suit under the California Labor Code.

## TWENTY-FIRST DEFENSE

### (Consent/Waiver)

21.      Plaintiff's claims, in whole or in part, are barred by the doctrines of consent and waiver based on Plaintiff's own acts or omissions.

## TWENTY-SECOND DEFENSE

### (Scope of Authority)

22.      The Complaint, and each and every purported cause of action therein, is barred to the extent that the actions of Defendant's agents, employees, and representatives, if they occurred, were not actions taken within the course and scope of their employment.

## RESERVATION OF RIGHTS

Defendant does not presently know all of the facts and circumstances respecting Plaintiff's claims.  Defendant has not knowingly or intentionally waived any applicable defenses and reserve the

6

**EXHIBIT 2**

right to assert and rely on such other applicable defenses as may later become available or apparent. Defendant further reserves the right to amend their answer or defenses accordingly and/or to delete defenses that it determines are not applicable during the course of discovery.

<div align="center">

**PRAYER FOR RELIEF**

</div>

Wherefore, Defendant prays for judgment as follows:

A.    That Plaintiff take nothing by way of his Complaint;

B.    That judgment be entered in favor of Defendant and against Plaintiff in this action;

C.    That Defendant be awarded reasonable attorneys' fees and costs of suit incurred herein as provided by law; and

D.    That Defendant be awarded such other relief as this Court may deem just and proper.

DATED:  November 9, 2021                    SEYFARTH SHAW LLP


By:   _____
         Jonathan L. Brophy
         Sumithra R. Roberts
         Attorneys for Defendant
         LOWE'S HOME CENTERS, LLC

<div align="center">

7

LOWE'S HOME CENTERS, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

**EXHIBIT 2**

</div>

1

**PROOF OF SERVICE**

2   STATE OF CALIFORNIA                    )
                                           )  ss
3   COUNTY OF LOS ANGELES                  )

4        I am a resident of the State of California, over the age of eighteen years, and not a party to the
within action. My business address is 2029 Century Park East, Suite 3500, Los Angeles, California
5   90067-3021. On November 9, 2021, I served the within document(s):

6        **LOWE'S HOME CENTERS, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**

7   ☐   I sent such document from facsimile machines (310) 201-5219 on October 22, 2021. I certify
        that said transmission was completed and that all pages were received and that a report was
8       generated by said facsimile machine which confirms said transmission and receipt. I, thereafter,
        mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in
9       sealed envelope(s) addressed to the parties listed below.

10  ☒   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid,
        in the United States mail at Los Angeles, California, addressed as set forth below.
11

12  ☐   by personally delivering the document(s) listed above to the person(s) at the address(es) set forth
        below.

13  ☐   by placing the document(s) listed above, together with an unsigned copy of this declaration, in a
        sealed envelope or package provided by an overnight delivery carrier with postage paid on
14      account and deposited for collection with the overnight carrier at Los Angeles, California,
        addressed as set forth below.
15

16  ☐   by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth
        below.

17      Gregory P. Wong              Phone:   323.450.2777
        John F. Litwin               Fax:     310.215.3416
18      Barkhordarian Law Firm, PLC  Email:   john@barklawfirm.com
        6047 Bristol Parkway, Second Floor
19      Culver City, CA 90230        Attorneys for Plaintiff MARCUS COLWIN

20

21       I am readily familiar with the firm's practice of collection and processing correspondence for
mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with
postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party
22   served, service is presumed invalid if postal cancellation date or postage meter date is more than one day
after date of deposit for mailing in affidavit.
23

24       I declare under penalty of perjury under the laws of the State of California that the above is true
and correct.
25

         Executed on November 9, 2021, at Los Angeles, California.
26
                                        _____
27                                              Karla Villalobos-Roque

28

---

**EXHIBIT 2**

77121511v.1